IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LATORIA BOUYER,<br><br>*Plaintiff*,<br><br>v.<br><br>SPORT CLIPS HAIRCUTS,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:23-cv-00153-TES |

**ORDER**

On May 7, 2023, Plaintiff Latoria Bouyer filed this action against Defendant Sports Clips Haircuts alleging violations of Title VII, the ADA, and other employment statutes. *See generally* [Doc. 1]. After reviewing the docket, the Court noted that Plaintiff had not yet provided proof of service. Accordingly, the Court ordered Plaintiff to respond and show cause within 14 days, explaining "why her claims against Defendant Sport Clips Haircuts[] should not be dismissed for her failure to comply with Rule 4(m)'s 90-day service deadline." [Doc. 2, p. 2].

The Court warned Plaintiff that "[f]ailure to fully and timely comply with this Order will result in the immediate dismissal of the claims set forth in Plaintiff's Complaint pursuant to Rule 4(m) and/or Rule 41(b) of the Federal Rules of Civil Procedure. No further warnings will be provided." [*Id.*]. The 14-day deadline passed

with no response from Plaintiff.

Therefore, the Court is left with no choice but to **DISMISS** Plaintiff's Complaint [Doc. 1] **without prejudice**. *See* Fed. R. Civ. P. 4(m), 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 23rd day of August, 2023.

_____
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT